**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS   DIVISION**

| | | |
|---|---|---|
| **RONALD CHARLES ERVIN** | ) | |
| | ) | |
| **v.** | ) | **3-05-CV-1728-N** |
| | ) | |
| **DOUGLAS DRETKE, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Kyle Correctional Center of the Texas Department of Criminal Justice, Correctional Institutions Division at Kyle, Texas, serving a conviction for possession of a controlled substance.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of possession of a controlled substance as charged in the indictment returned in Cause No. F-01-154007-JR Ervin was tried by a jury which returned a verdict of guilty. Thereafter having entered pleas of true to the enhancement paragraphs of the indictment the trial court sentenced him to a term of 33 years imprisonment. Petitioner appealed his conviction. After his court-appointed appellate counsel filed

a motion to withdraw based upon the absence of any colorable grounds for review Ervin was permitted to file a pro se brief. On July 8, 2003, the Fifth Court of Appeals at Dallas delivered its unpublished opinion affirming his conviction. No petition for discretionary review was filed, but on December 17, 2003, he filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, which was denied by the Texas Court of Criminal Appeals on March 16, 2005, without written order on the findings of the trial court without a hearing. Ervin then filed his § 2254 petition in this action.

**Findings and Conclusions**: Ervin raises three grounds for relief in his petition. Disposition of his claims is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") which in pertinent part precludes the granting of federal habeas corpus relief unless the State court adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254 (d)(1) and (2).

In his first ground for relief Ervin claims that he was actually innocent of the possession of a controlled substance. While such a claim, in appropriate circumstances, may constitute "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim[s] considered on the merits," Herrera v. Collins, 506 U.S. 390, 404, 113 S.Ct. 853, 862 (1993), it is not an independent, cognizable basis for relief. Id. at 400, 113 S.Ct. at 860. Accordingly, this ground fails to present a cognizable ground for relief.

His second ground alleges ineffective assistance of counsel against his trial attorney.

2

Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), establishes a two-prong test which a petitioner must satisfy in order to be entitled to relief. First, he "must show that counsel's performance was deficient." Id. at 687, 104 S.Ct. at 2052. Second, he "must show that the deficient performance prejudiced ... [his] defense." Id.. Failure to establish either prong forecloses relief. Id. at 697, 104 S.Ct. at 2069.

Insofar as Petitioner makes a generalized attack on his trial attorney's performance, such a conclusory claim fails to raise a cognizable basis for relief. See e.g. Ross ve. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983). The specific claims directed against his attorney were set out in Ervin's pro se appellate brief, which he filed after his court-appointed appellate counsel filed a motion to withdraw and brief finding no colorable grounds for reversal of the conviction. See Ervin's pro se brief filed on May 8, 2003, in Appeal No. 05-02-678-CR. The Fifth Court of Appeals rejected his claim in its unreported opinion filed on July 8, 2003. Opinion at pages 2-5. Ervin reiterated the same claims and others in his subsequently filed art. 11.07 application. App. No. WR 60,091-01 at pages 14-17.

In his § 2254 petition he claims that counsel was ineffective in failing to file a motion to suppress the cocaine seized at the time of arrest. The only evidence in the record relating to the circumstances under which the cocaine was discovered is found in the trial testimony of Officer Samuel Scott McDonald (Reporter's Record, Vol. 3 at 29, et seq). This testimony is summarized in the Fifth Court's opinion, supra, at page 3. It is clear that the cocaine was in plain view near the doorway of the house and was observed by Officer McDonald after he had entered the house to assure himself that the alleged victim of the kidnaping was safe. Any motion to suppress under such circumstances would have been futile and lacking in merit. Ervin also claims that a motion to

suppress should have been filed because the cocaine was "lost" for 156 days.[1] There is nothing in the record to suggest that the seized substance was lost. Although the substance was not tested by the State's chemist until October 4, 2001, this delay in testing bespeaks more of a backlog on analyses, rather than a loss or misplacement. The testimony of Officer McDonald and that of the chemist, Anne Weaver, establishes that the integrity of the seized substance, which field tested positive for cocaine, was maintained from the time it was sealed and placed in the lab's lockbox until it was opened and analyzed by Ms. Weaver.

Petitioner further complains of counsel's failure to call LaQuisha Scott, Pauline Ervin and Officer Derrick Walker as witnesses and of the attorney's failure to obtain the services of an expert witness to independently analyze the seized substance. In point of fact both Ms. Ervin and Derrick Walker testified at his criminal trial.[2] Under decisions decided by the Fifth Circuit prior to enactment of the AEDPA, in order to prove the prejudice prong of the Strickland test as it relates to a claim that a person should have been called as a witness, a petitioner was required to show that the person had evidence favorable to the defense and that the person would have testified. See e.g. Alexander v. McCotter, 775 F.2d 595, 602-03 (5th Cir. 1985). Petitioner has not satisfied this burden.[3]

---

[1] Respondent claims that this factual assertion is unexhausted, but see Application No. WR 60,091-01 at 16-17. Assuming arguendo that this factual claim was not presented to the State courts, the court may nonetheless deny relief. See § 2254 (b)(2).

[2] Ms. Ervin, Petitioner's mother, essentially testified that Officer McDonald "planted" drugs after he had been arrested. See e.g. No. 05-02-678-CR, opinion, supra, at 3.

[3] Moreover, in response to his art. 11.07 application, Ervin's trial attorney stated in contradiction to his claims, that he was unaware of any witness who could have testified truthfully to facts favorable to the defense. No. WR-60,091-01, supra at 52. The trial court in turn found counsel's statements to be true. Id. at 47-48.

Ervin has identified nothing which calls into question the accuracy of the chemical analysis. Therefore, he can show no prejudice due to his attorney's failure to obtain the services of a second expert.

As his final ground for relief Ervin alleges that the evidence was insufficient to sustain the jury's guilty verdict.[4] In Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781 (1979), the Supreme Court set out the standard for addressing a sufficiency of the evidence claim in the context of a § 2254 petition, holding that relief is available "only if it be found upon the record evidence adduced at trial [that] no rational trier of fact could have found proof of guilt beyond a reasonable doubt." The evidence in Ervin's case, summarized in the Fifth Court's opinion, Appeal No. 05-02-678-CR, opinion at pages 7-8, clearly was more than enough to foreclose relief on this ground.[5]

**Conclusion:** Although the court finds that none of Ervin's grounds are meritorious, even if it were to be otherwise, relief is unavailable because he cannot demonstrate that the Court of Criminal Appeals' disposition of his art. 11.07 application was unreasonable. See e.g. Yarborough v. Gentry, 540 U.S. 1, 124 S.Ct. 1 (2003).

**RECOMMENDATION**:

---

[4]Although as a general proposition the Texas Court of Criminal Appeals has held that a sufficiency of the evidence claim is not cognizable in an art. 11.07 application and which as a matter of comity the Fifth Circuit has consistently honored, See e.g. Clark v. State of Texas, 788 F.2d 309 (5th Cir. 1986), Respondent does not argue that consideration is procedurally barred, but rather addresses this ground on the merits.

[5]In his memorandum Petitioner submits that the court should not consider the seized cocaine, reiterating his argument that the same would have been suppressed had counsel filed a motion. The Court in Jackson had no occasion to address evidentiary issues, but made clear that "(T)he fact finder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution." 443 U.S. at 319, 99 S.Ct. 2789 (Emphasis in the original).

For the foregoing reasons it is recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Petitioner and counsel for Respondent.

SIGNED this 2nd day of June, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

### **NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.